**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JAN 14 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50582 |
| Plaintiff-Appellee, | D.C. No. 5:11-cr-00088-VAP-1 |
| v. | |
| HECTOR RUIZ-BERNAL, a/k/a Hector Ruiz | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted January 9, 2014
Pasadena, California

Before: REINHARDT and CLIFTON, Circuit Judges, and RAKOFF, Senior District Judge.**

Defendant-Appellant Hector Ruiz-Bernal appeals his conviction and

sentence, following his conditional guilty plea to possessing more than five

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

kilograms of cocaine with the intent to distribute, in violation of 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(A)(ii). Defendant argues that the district court improperly denied his motion to suppress evidence that was obtained after his vehicle was stopped by Border Patrol agents on the Interstate 15 freeway. Defendant challenges whether the agents had reasonable suspicion to effect the stop.

This Court reviews a district court's determination of reasonable suspicion *de novo*, "reviewing findings of historical fact for clear error and giving due weight to inferences drawn from those facts by resident judges and local law enforcement officers." *United States v. Valdes-Vega*, No. 10-50249, 2013 WL 6768095, at *2 (9th Cir. Dec. 24, 2013) (en banc) (internal quotation marks omitted).

The agents observed the defendant driving northward on Interstate Highway 15, in "an area where narcotics and alien smuggling frequently occurs." Among other suspicious circumstances, the defendant was smoking a cigarette and driving with all of his windows rolled down despite cold, damp weather, behaviors that the officers, based on their experience and training, reasonably believed were consistent with those of smugglers trying to remove odors emanating from illegal substances. The defendant's vehicle was in a law enforcement database that indicated that "the vehicle might be involved in narcotics smuggling through ports

2

of entry." Moreover, upon seeing the agents' vehicle, the defendant engaged in evasive driving tactics, including a marked reduction of his speed to fifteen miles per hour below the posted speed limit.

In light of the totality of these circumstances, and giving due weight to the agents' experience and reasonable deductions, this Court finds that the district court did not err in concluding that the Border Patrol agents had reasonable suspicion for an investigative stop of the defendant's vehicle. *See United States v. Arvizu*, 534 U.S. 266, 273 (2002); *Valdes-Vega*, 2013 WL 6768095, at \*2–4.

**AFFIRMED**.